■ The People of the State of New York, Respondent, v Robert Casanova, Appellant.—Judgment, Supreme Court, New York County (Luis Neco, J., at *Mapp* and *Huntley* hearing; Thomas B. Galligan, J., at sentence), rendered December 21, 1987, after a jury trial, convicting defendant of criminal possession of a weapon in the third degree (Penal Law § 265.02) and sentencing him to a term of incarceration of 1 to 3 years, unanimously affirmed.

Police officers testified for the People that they had been approached in the early morning hours by two women, who informed them that two men sitting in a white Cadillac at a specific location off of the FDR Drive had a gun. Acting on this information, the officers approached the car and conducted a patdown of the occupants to determine if they possessed guns. Defendant exclaimed that he had not taken the gun out of the trunk. Police then opened the trunk, where a gun with three live rounds was recovered. Subsequent to this a bullet was recovered from defendant's pocket.

Defendant, in his testimony, claimed that he had never made the inculpatory statement. He contended that he had

unwittingly offered a ride to two prostitutes and that when he dropped them off unknown to him one of them had left behind a purse. Defendant also claimed that neither the car nor the gun was his.

We note that the People on their direct case did not elicit any testimony concerning a purse or any uncharged crime. The only issue of merit concerns the officers' testimony concerning what the two women—who did not testify—had told them. Defendant challenges this testimony as being impermissible hearsay and as introducing evidence of uncharged crimes. However, this testimony was properly admitted as background evidence to explain why the officers approached defendant in the manner they did *(People v Castro,* 101 AD2d 392) and to preclude speculation as to the purpose of police activity *(People v Hernandez,* 139 AD2d 472 477). We are of the view that any potential prejudice was avoided by the court's repeated limiting instructions. Further, we note that the People did not on their direct case elicit testimony concerning either a purse or any conceivable uncharged crime. The only such information concerned possession of a gun, the crime with which defendant was charged. Concur—Kupferman, J. P., Carro, Milonas, Wallach and Smith, JJ.