◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL BROOME, Appellant. [636 NYS2d 243] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a weapon in the third degree. There is no merit to his contention that the jury verdict is not supported by legally sufficient evidence or is contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490).

We nevertheless conclude that reversal is required because the trial court erred in admitting the testimony of a witness given at a prior trial. The People failed to demonstrate that the witness was unavailable, i.e., that she could not "with due diligence be brought before the court" (CPL 670.10 [1]). There is no evidence that the witness was aware of the upcoming trial and was attempting to avoid having to testify. Two investigators testified for the People that they attempted to locate the witness for about a week before the trial. Although they were aware that the witness had been arrested in Binghamton while on probation, neither investigator contacted the Probation Department to ascertain whether an address was on file in that office or whether her probation officer was aware of her whereabouts. Further, the attorney assigned to represent the witness on the Binghamton charge provided an investigator with a recent address provided by the witness, but the People failed to show that either investigator checked the validity of that address. Although the witness was a native of the Syracuse area, no attempt was made to locate her through friends and relatives. In sum, the People failed to show that they conducted a thorough investigation of those "possibilit[ies], albeit remote, that * * * might produce the declarant" *(Ohio v Roberts,* 448 US 56, 74), and it cannot be said that "it was very unlikely that any additional efforts would have resulted in locating the witness" *(Gonzalez v Scully,* 578 F

Supp 1063, 1071, *affd* 738 F2d 418, *cert denied* 469 US 1020). Because that witness provided the sole evidence connecting defendant to the gym bag containing the handgun before he entered the vehicle, the erroneous admission of her former testimony was not harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

We have reviewed defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Weapon, 3rd Degree.) Present—Lawton, J. P., Wesley, Balio, Davis and Boehm, JJ.