■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP A. BULL, Appellant. [696 NYS2d 739] —Judgment unanimously affirmed. Memorandum: Contrary to defendant's contention, a motion to dismiss the indictment pursuant to CPL 30.30 would not have been successful, and defendant

therefore was not denied the right to effective assistance of counsel by the failure of assigned counsel to make such a motion (*see, People v Ayala*, 236 AD2d 802, *lv denied* 90 NY2d 855; *People v Torrence*, 135 AD2d 1075, *lv denied* 70 NY2d 1011). We further reject the contention of defendant that he was denied the right to a fair trial by prosecutorial misconduct on summation. Defendant failed to preserve for our review his contention that the prosecutor's remark concerning the testimony of a 13-year-old defense witness was improper (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The prosecutor's remaining remarks on summation to which defendant objects were based upon the evidence and were made in response to defense counsel's summation, and thus defendant was not thereby denied the right to a fair trial (*see, People v Halm*, 81 NY2d 819, 821; *People v Dunbar*, 213 AD2d 1000, *lv denied* 85 NY2d 972). Further, upon weighing the relative probative force of the conflicting testimony, we conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Long*, 224 AD2d 949, *lv denied* 88 NY2d 967). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.