■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN COMBO, Appellant. [708 NYS2d 781] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Supreme Court erred in admitting at trial the testimony

of a police officer at a prior proceeding. The officer left the country before the commencement of defendant's trial because the child that he was adopting was born prematurely. At the time of trial, his location in the country of Turkey was unknown and his date of return was uncertain. Prior testimony from specified previous proceedings may be admitted upon a showing that the witness "cannot with due diligence be found, or is outside the state or in federal custody and cannot with due diligence be brought before the court" (CPL 670.10 [1]; *see, People v Arroyo*, 54 NY2d 567, 571, *cert denied* 456 US 979). The People utterly failed to make any showing of due diligence to justify the admission of the officer's prior testimony (*see, People v Broome*, 222 AD2d 1094; *cf., People v Arroyo, supra,* at 571-574; *People v Miller*, 212 AD2d 966; *People v Crayton*, 209 AD2d 790). The People made no attempt to locate the witness and otherwise "failed to show that they conducted a thorough investigation of 'those possibilit[ies], albeit remote, that * * * might produce the declarant' * * * [nor can it] be said that 'it was very unlikely that any additional efforts would have resulted in locating the witness' " (*People v Broome, supra,* at 1094). Because defendant was convicted of burglary in the third degree and the officer's prior testimony provided the sole evidence concerning defendant's presence in the warehouse, the admission of that testimony is not harmless error (*see, People v Crimmins*, 36 NY2d 230, 241-242; *People v Broome, supra,* at 1095).

Based on the foregoing, we need not address defendant's remaining contention. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Scudder and Kehoe, JJ.