■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK FOSTER, Appellant. [743 NYS2d 429] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered May 14, 1997, convicting defendant-appellant, after a jury trial, of criminal possession of stolen property in the fourth degree, and sentencing him to a term of $1^3/_4$ to $3^1/_2$ years, unanimously reversed, on the law, and the matter remanded for a new trial.

The prosecution alleged that, on January 19, 1996, around 5:30 P.M., Susan Luciano had just boarded a crowded uptown IRT Number 1 or 9 train at the 72nd Street Station when she felt a tug on her pocket book. She looked into her pocket book and noticed that her credit card holder was missing. She did not see and could not identify the thief. Luciano got off the train at the West 79th Street Station and the train continued uptown. The train pulled into the West 96th Street Station at

about 5:40 P.M., and a commotion ensued on the train while it was stopped. Two police officers working at the station, Alexander Figueroa and Wilbert Ellis, responded to the commotion, and Fernando Martinez, a passenger, directed their attention to appellant, whom Martinez believed was acting suspiciously. Officer Figueroa approached appellant and asked him to step off the train. As appellant did so, Officer Figueroa observed him lean toward the train as if he were trying to drop something into the gap between the subway car and platform. Figueroa grabbed the item, which turned out to be Luciano's credit card holder, from appellant's hand. Appellant subsequently attempted to flee the scene but was apprehended near the station turnstiles.

Prior to trial, defense counsel moved to preclude testimony regarding an uncharged crime, which was the source of the commotion at the West 96th Street subway stop. Specifically, counsel sought to preclude testimony by Martinez that, while the train was stopped with its doors open, Martinez heard a passenger on the train—Richard Sachs—shout "he took my wallet!"; that, as Sachs was shouting those words, Martinez saw defendant and another man back out of the subway car; that Martinez observed defendant, moving suspiciously, push his way back into the subway car through another door while the other man walked away down the platform; and that Martinez alerted Officers Figueroa and Ellis and told them what he had observed. In addition, defendant sought to exclude testimony by Officer Figueroa relating the hearsay statements made to him by Martinez as to what he had observed and reported to Figueroa. No property belonging to Sachs was found in defendant's possession and he was not charged with any crime related to Sachs.

The prosecutor contended that the evidence that the defense sought to exclude was necessary to "complete the narrative" and explain why Officer Figueroa approached defendant. Defense counsel countered that why Figueroa approached defendant was not in issue, nor was it probative of any other issue in the case, particularly since the defense did not intend to assert any claim that the officers acted improperly or to challenge their credibility. Moreover, argued defendant, the objectionable evidence was unduly prejudicial, suggesting as it did that defendant had taken Sachs's wallet, a crime with which he had not been charged, and, further, that defendant had a propensity for subway pickpocketing, the crime for which he was charged.

The trial court denied defendant's motion and allowed the

testimony of Martinez and Officer Figueroa to "complete the narrative" and explain why Officer Figueroa approached defendant. The court did, however, instruct the jury that the testimony related to the theft of Sachs's wallet was not to be considered as evidence "bearing on the guilt of the defendant as far as Miss Luciano's credit cards," but only as an "explanation of what led up to the defendant's arrest."

Evidence of uncharged crimes is generally inadmissible in a criminal trial because the "defendant is entitled to have the jury determine his guilt or innocence solely upon evidence tending to prove the crime charged and uninfluenced by irrelevant and prejudicial facts and circumstances." (*People v Cook*, 42 NY2d 204, 208.) However, uncharged crime evidence may be admitted if it helps to establish an element of the crime charged or is relevant to some recognized exception to the general rule (*People v Alvino*, 71 NY2d 233, 241). In *People v Molineux* (168 NY 264, 293), the Court of Appeals instructed that uncharged crimes may be considered to establish such fundamental matters as intent, motive, knowledge, common scheme or plan, or defendant's identity. The *Molineux* list is illustrative, not exhaustive (*People v Jackson*, 39 NY2d 64, 68). In addition, evidence of uncharged crimes may be admitted as necessary background material when relevant to a contested issue in the case (*People v Alvino*, 71 NY2d 233, 241-242; *People v Montanez*, 41 NY2d 53, 58) or to complete the narrative of the events (*People v Till*, 87 NY2d 835, 837; *People v Marte*, 207 AD2d 314, 316, *lv denied* 84 NY2d 937) if such evidence is "inextricably interwoven" with the crime charged (*People v Vails*, 43 NY2d 364, 368).

Uncharged crime evidence is not to be admitted when its purpose or effect is to demonstrate a defendant's predisposition to commit the crime with which he is charged (*People v Allweiss*, 48 NY2d 40, 46). Moreover, even if uncharged crime evidence is offered for a legitimate purpose, such evidence must be rejected if its potential for prejudice outweighs its probative value (*Till*, 87 NY2d at 837; *People v Hudy*, 73 NY2d 40, 55).

In the present case, the evidence related to the uncharged crime—the theft of the Sachs wallet—had no relevance to any material issue in the case, such as defendant's identity, motive, knowledge or intent, nor any probative value for any element of the crime charged—possession of stolen credit cards belonging to Luciano (*cf.*, *People v Radoncic*, 259 AD2d 428, *lv denied* 93 NY2d 1005 [evidence of defendant's prior use of the credit card that was the subject of crime charged was admissible]; *People v Casanova*, 160 AD2d 394, *lv denied* 76 NY2d

786 [evidence of defendant's possession of a gun was directly related to the gun that was the subject of the gun-possession crime charged]). Nor was the evidence necessary to "complete the narrative" or to explain why Officer Figueroa first approached the defendant, particularly in view of defense counsel's representation to the court that defendant would not challenge the officers' credibility or the propriety of their conduct. Unlike the uncharged armed robbery in *Till* that was "inextricably intertwined" with the charged crime—possession of a loaded weapon, which defendant fired at a police officer in the course of his flight from the scene of the robbery—the theft of the Sachs wallet was a wholly separate and distinct event, unconnected with, albeit similar to, the theft of the Luciano credit card holder. The evidence in question was neither "inextricably intertwined" with the circumstances of the theft of the Luciano credit cards nor necessary to the jury's understanding of the prosecution's case.*

It was also unduly prejudicial, particularly since the theft of Sachs's wallet on a crowded subway car was so similar in nature to the theft of the Luciano credit cards. Indeed, the only probative value of the uncharged crime evidence in this case was to suggest that defendant had a propensity for stealing other people's property on crowded subways, precisely the kind of evidence that should be excluded to ensure that the verdict is based on evidence related to the crime charged. Furthermore, the court's limiting instruction to the jury could not cure the prejudicial effect of the objectionable testimony (*see, e.g., People v Ventimiglia*, 52 NY2d 350, 362; *People v Stanard*, 32 NY2d 143, 148).

We conclude that the uncharged crime evidence should have been excluded because it was neither relevant to any material issue in the case nor necessary to "complete the narrative" of the facts and circumstances related to the charged crime or otherwise aid the jury in determining defendant's guilt or innocence and because it was unduly prejudicial to defendant.

Defendant's contentions regarding the trial court's instructions to the jury are rejected. The court's charge, taken as a whole, was adequate and does not provide a separate basis for

---

* Evidence that a commotion broke out on the train while it was stopped at 96th Street and that Martinez pointed defendant out to the officers who responded to the commotion, accompanied by an instruction to the jury that the source of the commotion and defendant's role in it, if any, were irrelevant to the issues in the case and that they should not speculate as to those matters would have sufficiently dealt with any perceived need to connect the evidence.

reversal. Concur—Andrias, J.P., Buckley, Rosenberger, Lerner and Marlow, JJ.