■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HYO PARK, Also Known as MARK PARK, Appellant. [785 NYS2d 180]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered September 2, 2003 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant stands convicted of assault in the second degree stemming from an early morning altercation in a bar on April 15, 2002, during his final year at the State University of New York at Albany. Specifically, defendant struck another patron (hereinafter the victim) in the face with a glass causing serious injuries. He was sentenced to 2½ years in prison and now appeals.

According to the trial testimony of the victim, which was confirmed by certain of his friends, he inadvertently bumped into defendant causing defendant to spill his drink. Despite the victim's immediate apology for the mishap, defendant struck him in the face with a glass. It is undisputed that the victim suffered multiple cuts requiring 20 to 30 stitches and has permanent scars.

Defendant's version of the incident, confirmed by the testimony of his girlfriend, differed in certain key respects. According to defendant, he heard a loud commotion from behind him while dancing. As his attention was diverted to this "ruckus," he saw several people pushing each other at which time the victim "barreled" into him fairly hard. When defendant complained that the victim caused him to spill his drink on his girlfriend, the victim cocked his right arm back as if he were about to strike defendant. Defendant's immediate instinct was to strike the victim in the face; he claimed that he reacted so

quickly that he did not "even realize that [he] had a glass in [his] hand." Defendant and his girlfriend both denied that the victim apologized at any time.

It is undisputed that one week after the incident, defendant and the victim met through a mutual friend at which time defendant apologized and agreed to help pay for the victim's unpaid medical expenses. The victim made no attempt to press charges against defendant until December 2002. According to the victim, upon learning that defendant "attacked another person" on November 24, 2002, he decided to contact the City of Albany Police Department about the April 2002 assault because he thought "it wouldn't be safe for him to be out there."

Defendant first contends that Supreme Court erred in denying his request for an intoxication charge (*see* Penal Law § 15.25). We are unpersuaded. "A charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry,* 61 NY2d 849, 850 [1984] [citations omitted]; *see People v Rodriguez,* 76 NY2d 918, 920 [1990]). Viewing the evidence in the light most favorable to defendant, as we must, we are satisfied that defendant failed to establish his entitlement to the charge (*see People v Gaines,* 83 NY2d 925, 927 [1994]). While there was evidence that defendant consumed alcoholic beverages prior to the assault (*see People v Rodriguez, supra* at 920), there was no evidence that he exhibited signs of intoxication (*see People v Brown,* 226 AD2d 1108 [1996], *lv denied* 88 NY2d 964 [1996]) or that his intoxication had a "specific impact . . . upon his behavior or mental state" at the time he struck the victim (*People v Gaines, supra* at 927).

We do find error, however, in Supreme Court's *Molineux* ruling; accordingly, we must reverse and remit the case for a new trial. As noted, the victim did not immediately pursue charges against defendant but decided to do so only after learning that defendant had punched another person in the face in November 2002. As of the trial in this matter, there was a pending assault charge against defendant stemming from the November 2002 altercation.[1] Supreme Court permitted the People to introduce the underlying facts of the pending charge during their case in chief on the ground that same was necessary to complete the

---

1. This charge was ultimately resolved as a disorderly conduct violation. Since a retrial is warranted, we find that, upon retrial, an appropriate *Sandoval* compromise would be to permit the People to introduce evidence that defendant has been convicted of harassment and disorderly conduct violations without introducing the facts underlying these convictions.

victim's narrative and was, thus, inextricably interwoven with the subject assault. We disagree.

It cannot be said that the subsequent assault involving a different individual was inextricably interwoven with the charged crime or necessary to complete the narrative of the "original episode" (*People v Janota,* 181 AD2d 932, 933 [1992]; *see People v Foster,* 295 AD2d 110, 112-113 [2002], *lv denied* 98 NY2d 710 [2002], *lv granted* 99 NY2d 582 [2003]; *cf. People v Johnson,* 233 AD2d 761, 762-763 [1996], *lv denied* 89 NY2d 1012 [1997]). Notably, the victim's delay in pursuing charges against defendant was not being questioned or contested by defendant. Moreover, an assault occurring some $7^1/2$ months *after* the subject assault against a different person was not probative of defendant's intent or motive against the victim the previous April (*cf. People v Poquee,* 9 AD3d 781 [2004]). Moreover, given the similar nature to the charged crime, its prejudicial value outweighed any probative worth (*see People v Foster, supra* at 112).[2]

With the exception of the sentence imposed, we have reviewed defendant's remaining contentions and find them to be without merit. As to his sentence, we expressly take no position on this issue at this time.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, and matter remitted to the Supreme Court for a new trial.

---

**2.** Reference to the subsequent assault was easily avoidable (*see generally People v Ciembroniewicz,* 169 AD2d 929 [1991]). The precise timing of the victim's contact with police could have been avoided altogether. Of course, had defendant called into question the victim's veracity with specific reference to his "delay" in pursuing charges, then he would have opened the door to testimony about the subsequent assault.