■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL LEARY, Appellant. [846 NYS2d 55]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered April 16, 2003, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly granted the People's reverse-*Batson* application (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's express and implied findings (*see People v Payne*, 88 NY2d 172, 185 [1996]) that the race-neutral reasons provided by defense counsel for the peremptory challenges at issue were pretextual. These findings, based primarily on the court's assessment of counsel's credibility, are entitled to great deference (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]). With regard to all of the challenges at issue, counsel's explanations were "outlandish or entirely evanescent" (*People v Payne*, 88 NY2d at 183). To the extent that defendant is challenging the procedures by which the court disposed of the application, such claim is unpreserved (*see People v Jenkins*, 302 AD2d 247, 248 [2003], *lv denied* 100 NY2d 583 [2003]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Hameed*, 88 NY2d 232, 237 [1996], *cert denied* 519 US 1065 [1997]; *People v Payne*, 88 NY2d at 184).

The court properly exercised its discretion in denying defendant's mistrial motion made after an officer testified about

possible uncharged sales that the court had excluded. The evidence was not so prejudicial as to deprive defendant of a fair trial. Since defendant abandoned his request for a limiting instruction, which the court had agreed but omitted to deliver, defendant's present claim of error in that regard is unpreserved (*see People v Baro*, 236 AD2d 307 [1997], *lv denied* 89 NY2d 1032 [1997]), and we decline to review it in the interest of justice. Were we to review this claim, we would find any error to be harmless. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.