■ The People of the State of New York, Respondent, v Clifton McDuffie, Appellant. [847 NYS2d 808]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 8, 2006. The judgment convicted defendant, after a nonjury trial, of assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of assault in the third degree (Penal Law § 120.00 [3]). We agree with defendant that Supreme Court erred in admitting in evidence the preliminary hearing testimony of a witness who, according to the People, was out of the country. The People were required to establish both that the witness was out of the country and that the witness could not "with due diligence be brought before the court" (CPL 670.10 [1]). Indeed, because "a trial on paper should be conducted only

as a last resort" (*People v Diaz*, 97 NY2d 109, 117 [2001]), the People were required to "show that they conducted a thorough investigation of those possibilit[ies], albeit remote, that . . . might produce the [witness]" (*People v Combo*, 272 AD2d 992, 993 [internal quotation marks omitted]). We conclude under the circumstances of this case that, as a matter of law, the People did not exercise the due diligence contemplated by CPL 670.10 (1) (*see Diaz*, 97 NY2d at 116). The prosecutor merely asserted that the cousin and brother of the witness had informed him that the witness was in Yemen and, although the witness's brother had offered to arrange a telephone call between the prosecutor and the witness, the prosecutor took no affirmative steps to follow up on the offer when the brother failed to contact him.

Nevertheless, we conclude that the error in admitting the preliminary hearing testimony is harmless. That testimony concerned, inter alia, charges of which defendant ultimately was acquitted. Although the testimony also concerned the charge of assault, it was relevant only with respect to the element of identity, and defendant's identity as the assailant was established by the victim's testimony and defendant's postarrest statements. Thus, "we may accurately characterize [the witness's] identification testimony as cumulative and conclude that its admission could not have contributed to defendant's conviction" (*People v Rufin*, 237 AD2d 866, 869 [1997]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Defendant waived his challenge to the legal sufficiency of the evidence by asking the court to consider the lesser included offense of assault in the third degree, of which he was convicted (*see* CPL 300.50 [1]; *People v Richardson*, 88 NY2d 1049, 1051 [1996]). Defendant " 'ought not be allowed to take the benefit of the favorable charge and complain about it on appeal' " (*People v Shaffer*, 66 NY2d 663, 665 [1985]; *see People v Kearney*, 25 AD3d 622, 623 [2006], *lv denied* 6 NY3d 849 [2006]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, the failure of defense counsel to move to dismiss the indictment pursuant to CPL 30.30 did not constitute ineffective assistance of counsel inasmuch as such a motion would not have been successful (*see People v Bull*, 265 AD2d 836 [1999], *lv denied* 94 NY2d 860 [1999]). Defendant further contends that the court erred in refusing to suppress his postarrest statements because his waiver of his *Miranda* rights was involuntary, based on his level of intoxication. We reject that contention. It does not appear in the

record before us that defendant "was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements, to render his statements inadmissible" (*People v Carpenter*, 13 AD3d 1193, 1193 [2004], *lv denied* 4 NY3d 797 [2005], quoting *People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967] [internal quotation marks omitted]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.