■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KADARKO, Appellant. [901 NYS2d 612]—

Judgment, Supreme Court, Bronx County (Robert E. Torres, J.), rendered November 2, 2006, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 12 years, followed by five years of postrelease supervision, unanimously affirmed.

This matter was remitted by the Court of Appeals (14 NY3d 426 [2010]) for consideration of issues raised but not decided on a prior appeal (56 AD3d 102 [2008]). Defendant was charged with the knifepoint robberies of three men making deliveries for Chinese restaurants. He was indicted for robbery in the first degree (five counts) and robbery in the third degree (five counts) in connection with the robbery of (1) Xun-Zheng Wang on August 3 and 9, 2004; (2) Xing-Wu Dong on July 20, 2004; and (3) Lisheng Huang on July 14 and 26, 2004. A jury convicted defendant of the first degree robbery of Wang on August 9, 2004, and was unable to reach a verdict on all other charges.

At trial, Huang testified that upon seeing defendant after making a delivery on July 14, 2004, he turned and ran because he recognized defendant from an earlier encounter. On cross-examination, the witness testified that he was able to identify defendant because he had been robbed by him previously. On re-direct, Huang clarified that defendant had robbed him on two prior occasions and that those crimes had not been reported to police. Although defendant requested a supplemental instruction limiting the testimony concerning uncharged crimes to identification, the court did not give a limiting instruction to the jury.

Defendant argues that this testimony only served to indicate that he had a propensity to commit robberies, and its prejudicial impact thus outweighed any probative value (*People v Foster*, 295 AD2d 110, 113 [2002], *lv denied* 98 NY2d 710 [2002]), violating his right to due process. However, as defendant failed to raise this contention before the trial court, it is not preserved for our review, and we decline to review it in the interest of justice (*People v Lyons*, 81 NY2d 753, 754 [1992]). As an alternative ground, we reject it on the merits. Uncharged crimes are admissible to establish a defendant's identity (*see People v Allweiss*, 48 NY2d 40, 47-49 [1979]), or as necessary background material or to complete the narrative of events (*see e.g. People v Alvino*, 71 NY2d 233 [1987]; *People v Vails*, 43 NY2d 364, 368 [1977]; *People v Casanova*, 160 AD2d 394 [1990], *lv denied* 76 NY2d 786 [1990]). Huang's testimony explained why he was able to identify defendant and why he fled, even though he had not seen a knife at the time.

As to the prosecutor's reference on summation to the uncharged crimes evidence, defendant again raised no objection at trial, so this argument is likewise unpreserved, and we decline to review it in the interest of justice (*People v Cochran*, 29 AD3d 365, 366 [2006], *lv denied* 7 NY3d 787 [2006]). As an alternative ground, we reject this argument on the merits because the prosecutor's comments were limited to Huang's ability to identify defendant as a result of the earlier robberies and were made in response to defense counsel's summation argument that his client was the victim of mistaken identity (*see People v Dominguez*, 257 AD2d 511, 512 [1999], *lv denied* 93 NY2d 872 [1999]).

Regarding the court's failure to give a limiting instruction despite granting defendant's application, the requesting party is obliged to bring such omission to the court's attention or the issue is deemed waived on appeal (*People v Whalen*, 59 NY2d 273, 280 [1983]; *People v Leary*, 45 AD3d 449, 450 [2007], *lv denied*

10 NY3d 813 [2008]). Hence, this issue is also unpreserved, and we decline to review it in the interest of justice. As an alternative ground, we reject it on the merits. While the better practice is to give the instruction, the jury convicted defendant only of the August 9, 2004 robbery of Wang, indicating that it was able to distinguish the evidence put forth in support of the individual robberies and to discriminate between the separate charges (*see People v Santana*, 27 AD3d 308, 310 [2006], *lv denied* 7 NY3d 794 [2006]; *People v Dela Cruz*, 162 AD2d 312, 313 [1990], *lv denied* 76 NY2d 892 [1990]).

With respect to the contention that the sentence is unduly harsh, we note that defendant, who was 27 years old at the time of sentencing, had 11 prior nonfelony convictions, including two for assault and one for unlawful imprisonment. Inasmuch as the relatively light sentences received for those prior convictions were ineffective in deterring criminal behavior, it was within the exercise of the court's discretion to impose a sentence higher than the minimum (*see People v Smith*, 227 AD2d 197, 198 [1996], *lv denied* 88 NY2d 969 [1996]; *People v Durham*, 188 AD2d 404, 405 [1992], *lv denied* 81 NY2d 885 [1993]) although, significantly, still within the lower half of the statutory range of 5 to 25 years (Penal Law § 70.02 [3] [a]). Concur— Tom, J.P., Friedman, McGuire and Freedman, JJ.

The decision and order of this Court entered herein on October 9, 2008 (56 AD3d 102 [2008]) is hereby recalled and vacated.