THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PRUCHNICKI, JR., Appellant. [902 NYS2d 752]—

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered April 9, 2009. The judgment convicted defendant, upon a nonjury verdict, of attempted rape in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of sexual abuse in the first degree under count three of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, one count of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and two counts of sexual abuse in the first degree (§ 130.65 [1]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson,* 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-

finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, Supreme Court did not violate his constitutional right of confrontation by improperly curtailing his cross-examination of the victim concerning her possible motivation to lie (*see generally People v Chin*, 67 NY2d 22, 27-29 [1986]). The court permitted defendant to inquire whether the victim knew before the incident in question that she was the subject of a Child Protective Services (CPS) investigation and whether the victim had previously stated that her allegations were made in retaliation for that investigation. Inasmuch as defendant was afforded an opportunity to explore the victim's alleged bias or interest, there was no infringement of the right of confrontation (*see People v Valentine*, 48 AD3d 1268, 1269 [2008], *lv denied* 10 NY3d 871 [2008]). The court also properly permitted the People to present the limited testimony of a CPS caseworker to rebut defendant's testimony that the victim was aware of the CPS investigation prior to reporting the sexual assault (*see People v Alvino*, 71 NY2d 233, 248 [1987]).

We reject defendant's further contention that the court erred in admitting in evidence the testimony of the sister of the victim with respect to the victim's disclosure to her of the attempted rape. "[E]vidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place" (*People v McDaniel*, 81 NY2d 10, 16 [1993]). To be admissible, the complaint must be made promptly " 'at the first suitable opportunity' " (*id.* at 17, quoting *People v O'Sullivan*, 104 NY 481, 486 [1887]). "[P]romptness is a relative concept dependent on the facts" (*id.*) and, here, the testimony of the victim's sister established that the victim called her sister within 1½ hours of the incident (*cf. People v Workman*, 56 AD3d 1155, 1157 [2008], *lv denied* 12 NY3d 789 [2009]). Although the victim had an opportunity to inform her mother of the incident prior to calling her sister, we conclude that the complaint was made at the first suitable opportunity in light of the testimony of the victim that she was embarrassed and knew that her mother would become angry if she was informed of the incident (*see People v Felix*, 32 AD3d 1177 [2006], *lv denied* 7 NY3d 925 [2006]).

Defendant failed to preserve for our review all but one of his present objections to alleged instances of prosecutorial misconduct (*see generally People v Gibson*, 280 AD2d 903 [2001], *lv*

*denied* 96 NY2d 862 [2001]), and we conclude that any alleged misconduct was not so pervasive or egregious as to deprive defendant of a fair trial (*see People v Whaley*, 70 AD3d 570, 571 [2010]; *People v Lombardi*, 68 AD3d 1765 [2009], *lv denied* 14 NY3d 802 [2010]). Moreover, where, as here, "a case is tried without a jury, absent a showing of prejudice, the [court] is presumed to have considered only competent evidence adduced at trial in reaching the verdict" (*People v Concepcion*, 266 AD2d 227 [1999], *lv denied* 94 NY2d 917 [2000]).

We agree with defendant, however, that count three of the indictment charges the same crime as count two, and count three therefore should be dismissed as multiplicitous (*see People v Moffitt*, 20 AD3d 687, 690-691 [2005], *lv denied* 5 NY3d 854 [2005]; *People v Demetsenare*, 243 AD2d 777, 779-780 [1997], *lv denied* 91 NY2d 833 [1997]). One of those two counts charging defendant with sexual abuse in the first degree was based upon his forcible touching of the victim's breast, and the other count was based upon his forcible touching of the victim's genital area. In view of the victim's testimony, however, we conclude that defendant's actions "constituted but a single, uninterrupted occurrence of forcible compulsion" (*Moffitt*, 20 AD3d at 690). We therefore modify the judgment by reversing that part convicting defendant of sexual abuse in the first degree under count three of the indictment and dismissing that count of the indictment.

Defendant failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.