■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MAIER, Appellant. [908 NYS2d 711]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered March 31, 2008, convicting him of criminal possession of a controlled substance in the fourth degree and failure to stop at a stop sign, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for a new trial.

Under the circumstances of this case, the defendant's motion to dismiss the indictment on the ground that he was not afforded the opportunity to testify before the grand jury, and that he was deprived of the effective assistance of counsel in that respect, was properly denied (*see* CPL 210.20 [1] [c]; 210.35 [4]; 190.50 [5] [a]; *People v Simmons*, 10 NY3d 946, 949 [2008]; *People v Wiggins*, 89 NY2d 872, 873 [1996]; *People v Helm*, 51 NY2d 853 [1980]; *People v Lasher*, 74 AD3d 1474 [2010]).

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

A new trial is required, however, because the cumulative effect of certain trial errors deprived the defendant of a fair trial (*see People v Roll*, 1 AD3d 617 [2003]; *People v Vasquez*, 120 AD2d 757 [1986]). During an automobile stop for failure to obey a stop sign, the arresting police officer detected the odor of marijuana emanating from the defendant's car, and observed, in plain view, objects that the officer believed to be a marijuana cigarette and a "crack pipe." A subsequent search of the defendant's person revealed an unmarked bottle containing pills later determined to contain a narcotic, prescription drug, as well as a small bag containing a substance the officer believed to be marijuana. After placing the defendant in his police vehicle, the officer returned to the defendant's vehicle and found three bags of what the officer believed to be marijuana. The defendant was not charged with respect to the marijuana or the "crack pipe," but was charged with criminal possession of a controlled substance in the fourth degree with respect to the narcotic, prescription drug. At trial, the defendant's mother testified that she had been driving the defendant's car earlier in the day, that she had placed a certain number of narcotic pills for which she had a valid prescription in the unmarked bottle in contemplation of a trip she was taking that evening, and that she had inadvertently dropped the bottle on the floor of the defendant's car. According to the defendant's mother, the defendant was unaware of the contents of the pill bottle.

Contrary to the People's contention, the evidence that the police officer recovered a "crack pipe" and what appeared to be marijuana from the defendant's person, as well as what appeared to be a marijuana cigarette and three bags of what appeared to be marijuana from the defendant's car, was not properly admitted to "complete the narrative" or to explain the police officer's conduct (*cf. People v Tosca*, 98 NY2d 660 [2002]; *People v Till*, 87 NY2d 835, 837 [1995]; *People v Jenkins*, 49 AD3d 780 [2008]). Significantly, the defendant did not place the propriety of the police action in issue, nor did he dispute that he possessed the narcotics. Under these circumstances, the evidence of the uncharged conduct was not needed to "sort out ambiguous but material facts" (*People v Resek*, 3 NY3d 385, 390

[2004]; *see People v Wilkinson*, 71 AD3d 249 [2010]; *People v Foster*, 295 AD2d 110, 112-113 [2002]). Moreover, even if the evidence had been probative of an issue other than the defendant's criminal propensity to commit the crime charged, such limited probative value would have been outweighed by the prejudicial impact of the testimony (*see People v Resek*, 3 NY3d at 389; *People v Foster*, 295 AD2d at 112-113). Accordingly, admission of the evidence of the uncharged conduct was error.

The County Court also erred in allowing the prosecutor, over objection, to inquire of a defense witness whether the defendant was always "truthful," and then to impeach that testimony by questioning her about criminal complaints she had made against him. The defendant, who did not testify at trial, never put his credibility in issue, and the defense witness was offered as a fact witness, rather than as a character witness. Accordingly, it was improper to permit the prosecutor to question the witness as to the defendant's truthfulness or as to his prior bad acts (*see People v Cruz*, 47 NY2d 838 [1979]; *People v Jones*, 278 AD2d 246 [2000]).

The County Court further erred in permitting the prosecutor to elicit testimony from the arresting officer, over defense counsel's objection, that the defendant did not provide the officer with certain facts upon the police officer's recovery of the narcotics and the defendant's arrest. "Based on constitutional considerations, it has long been and continues to be the law in this State that a defendant's silence cannot be used by the People as a part of their direct case" (*People v Spinelli*, 214 AD2d 135, 138 [1995]; *see People v Basora*, 75 NY2d 992, 993 [1990]; *People v Nelson*, 69 AD3d 762 [2010]).

Contrary to the People's contention, these errors cannot be deemed harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.