■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN WHITLEY, Appellant. [912 NYS2d 257]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered February 5, 2007, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was convicted of robbery in the second degree for his role in the robbery of a Suffolk County gas station. On appeal, the defendant contends that the County Court erred in admitting into evidence transcripts of the testimony of two gas station employees who had testified at his first trial. We agree. CPL 670.10 (1), which operates as a constitutionally permissible exception to the Sixth Amendment right of confrontation (see *People v Diaz*, 97 NY2d 109, 114 [2001]), allows testimony given by a witness at a prior trial to be admitted at a subsequent trial in limited circumstances, which include situations in which the witness is outside the state "and cannot with due diligence be brought before the court." "Before proceeding without the witness, the court must be assured that the witness is beyond the practical reach of the prosecution" (*id.* at 116).

Here, the People offered evidence at a hearing on this issue that both witnesses had left the United States and returned to their native Turkey after the first trial, and that they were un-

able to locate and make contact with one of the two witnesses. However, the People failed to establish that they conducted a sufficiently thorough investigation to locate the witness with whom they were unable to make contact (*see People v McDuffie*, 46 AD3d 1385, 1386 [2007]; *People v Combo*, 272 AD2d 992, 993 [2000]; *People v Broome*, 222 AD2d 1094, 1095 [1995]). Furthermore, the People failed to exercise due diligence in attempting to bring the witness that they were able to contact in Turkey before the court (*see People v Diaz*, 97 NY2d at 116). In this regard, we note that where the People seek to induce a witness to return to the United States to testify in a criminal trial, the due diligence standard requires them "to explain to the witness, fully and plainly, what they would do to accommodate" concerns over issues such as "the length of [travel] time required, travel arrangements, expenses and potential personal disruption that might accompany a trip of this sort" (*id.*). Here, the People did not offer such an explanation to the witness they made contact with in Turkey.

We also agree with the defendant's contention, although unpreserved for appellate review, that it was error to permit a police detective to testify that during interrogation, the defendant, who had become "defensive," stopped answering his questions, and refused to give the detective "an explanation for anything." Neither a defendant's silence or invocation of the right against self-incrimination during police interrogation can be used against him on the People's direct case (*see People v Basora*, 75 NY2d 992, 993 [1990]; *People v Von Werne*, 41 NY2d 584, 587-588 [1977]; *People v Maier*, 77 AD3d 681 [2010]; *People v Murphy*, 51 AD3d 1057, 1058 [2008]), and this rule applies equally to situations where, as here, the defendant initially responds to questioning but then declines to answer additional questions (*see People v Hunt*, 18 AD3d 891, 892 [2005]). Thus, the subject testimony improperly penalized the defendant for exercising his right to remain silent and created a prejudicial inference of consciousness of guilt (*see People v De George*, 73 NY2d 614, 618-619 [1989]; *People v Conyers*, 52 NY2d 454, 458-459 [1981]; *People v Von Werne*, 41 NY2d at 588; *People v Hunt*, 18 AD3d at 892).

Considering the cumulative prejudicial impact of these errors, we cannot deem them harmless (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Gibian*, 76 AD3d 583, 589 [2010]; *People v Montoya*, 63 AD3d 961, 965-966 [2009]).

In light of our determination, we do not reach the defendant's contention that the sentence imposed was excessive.

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Eng and Austin, JJ., concur.