# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

799
KA 10-01850
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

JASON SLISHEVSKY, DEFENDANT-APPELLANT.

---

BIANCO LAW OFFICE, SYRACUSE (RANDI JUDA BIANCO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 11, 2010. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree (two counts), predatory sexual assault against a child, criminal sexual act in the second degree (three counts), sexual abuse in the second degree (two counts), sexual abuse in the third degree (five counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, counts 3, 5, and 7 through 11 of the indictment are dismissed and a new trial is granted on counts 2, 6, and 12 through 17.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of predatory sexual assault against a child (Penal Law § 130.96), course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]) and endangering the welfare of a child (§ 260.10 [1]), two counts each of course of sexual conduct against a child in the second degree (§ 130.80 [1] [b]) and sexual abuse in the second degree (§ 130.60 [2]), three counts of criminal sexual act in the second degree (§ 130.45 [1]), and five counts of sexual abuse in the third degree (§ 130.55). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We agree with defendant, however, that the cumulative effect of evidentiary errors made by County Court, coupled with prosecutorial misconduct, deprived him of his right to a fair trial (*see generally People v Ballerstein*, 52 AD3d 1192, 1192-1193). We note at the outset that, although

defendant failed to preserve certain evidentiary errors and instances of prosecutorial misconduct for our review (*see* CPL 470.05 [2]), we exercise our power to address them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), in view of our " 'overriding responsibility' to ensure that 'the cardinal right of a defendant to a fair trial' is respected in every instance" (*People v Wlasiuk*, 32 AD3d 674, 675, *lv dismissed* 7 NY3d 871, quoting *People v Crimmins*, 36 NY2d 230, 238).

The court erred in admitting testimony elicited by the prosecutor establishing that Child Protective Services (CPS) "indicated" a report, following an investigation of the subject victim's allegations, which demonstrated that CPS "found credible evidence that there [was] some abuse or maltreatment." Such evidence "intruded upon the function of the jury to determine whether to credit the victim's [allegations]" (*Ballerstein*, 52 AD3d at 1193; *see People v Ciaccio*, 47 NY2d 431, 439; *People v Heil*, 70 AD3d 1490, 1492). Further, we conclude that the court erred in admitting the testimony of a police detective to the effect that defendant never asked for details of the allegations against him. That testimony, which was elicited by the prosecutor, infringed upon defendant's right to remain silent. " 'Based on constitutional considerations, it has long been and continues to be the law in this State that a defendant's silence cannot be used by the People as a part of their direct case' " (*People v Maier*, 77 AD3d 681, 683; *see People v Whitley*, 78 AD3d 1084, 1085; *People v Chatman*, 14 AD3d 620, 621; *see generally People v Basora*, 75 NY2d 992, 993-994; *People v De George*, 73 NY2d 614, 618-619). Here, the evidence of defendant's choice to remain silent on the specifics of the allegations "created a prejudicial inference of consciousness of guilt" (*Whitley*, 78 AD3d at 1085). Further, the prosecutor's comment during summation that the presumption of innocence is a "notion" was patently improper (*see People v Alfaro*, 260 AD2d 495, 496; *People v Bussey*, 62 AD2d 200, 203-205).

Finally, the prosecutor's statement during her cross-examination of the victim's mother that she was not testifying honestly was manifestly improper (*see People v Bailey*, 58 NY2d 272, 277; *People v Russell*, 307 AD2d 385, 386). As the court recognized, the prosecutor was not entitled to impeach the credibility of the mother's testimony on a collateral issue (*see People v Pavao*, 59 NY2d 282, 288-289; *People v Jones*, 190 AD2d 31, 34; *see also People v McCright*, 107 AD2d 766, 767). Although defendant therefore was entitled to "a strong curative instruction" in order to dispel the prejudice occasioned by the remark (*People v Layton*, 16 AD3d 978, 980, *lv denied* 5 NY3d 765), the court failed to give one. The clear impropriety of the prosecutor's remark, in the absence of an appropriate curative instruction, contributed to the cumulative effect of evidentiary errors and prosecutorial misconduct, which deprived defendant of his right to a fair trial (*see generally Ballerstein*, 52 AD3d at 1192-1193).

We further agree with defendant that several counts of the indictment must be dismissed. Count three of the indictment charges

the same crime as count two, and thus count three should be dismissed as multiplicitous (*see People v Pruchnicki*, 74 AD3d 1820, 1822, *lv denied* 15 NY3d 855; *People v Moffitt*, 20 AD3d 687, 690-691, *lv denied* 5 NY3d 854). Those two counts charged defendant with course of sexual conduct against a child in the second degree based upon acts occurring between September 2001 and June 2003. The People contend that the two counts are not multiplicitous inasmuch as the victim spent summers living away from defendant, creating an interruption of approximately two months that was sufficient to end one course of sexual conduct and begin another. We reject that contention. A course of sexual conduct conviction may rest on as few as two incidents of sexual conduct "over a period of time *not less than three months* in duration" (Penal Law §§ 130.75 [1] [emphasis added]; 130.80). Given that the statute thus plainly contemplates the possibility of a single course of sexual conduct with interruptions significantly longer than two months, count three must be dismissed (*see Pruchnicki*, 74 AD3d at 1822; *Moffitt*, 20 AD3d at 690-691).

Under the same line of reasoning, count five of the indictment must be dismissed as multiplicitous of count six because both counts were based upon one course of conduct occurring between September 2006 and June 2008 (*see Pruchnicki*, 74 AD3d at 1822; *Moffitt*, 20 AD3d at 690-691). Furthermore, we note that count five, which charges course of sexual conduct against a child in the first degree, is a lesser included offense of count six, which charges predatory sexual assault against a child. Count five thus would be subject to dismissal on that ground as well (*see People v Beauharnois*, 64 AD3d 996, 999-1001, *lv denied* 13 NY3d 834), although the issue is unpreserved for our review (*see* CPL 470.05 [2]). We conclude that, although the contentions regarding multiplicity are not preserved for our review (*see id.; People v Kobza*, 66 AD3d 1387, 1388, *lv denied* 13 NY3d 939), our review is warranted in the interest of justice because defendant received consecutive sentences on all of the aforementioned counts. Nevertheless, we decline to exercise our power to review defendant's multiplicity contentions with respect to counts 12 through 16, which are also not preserved for our review.

Defendant preserved for our review his challenge to the legal sufficiency of the evidence with respect to counts 7 through 11 of the indictment, which charge three counts of criminal sexual act in the second degree and two counts of sexual abuse in the second degree. As the People correctly concede, the evidence adduced at trial is legally insufficient to support the conviction with respect to the above counts, which therefore must be dismissed (*see generally People v Oberlander*, 60 AD3d 1288, 1289-1291). Finally, defendant's constitutional challenges are raised for the first time on appeal and are therefore not preserved for our review (*see People v Miles*, 294 AD2d 930, 930-931, *lv denied* 98 NY2d 678; *see generally People v Baumann & Sons Buses, Inc.*, 6 NY3d 404, 408, *rearg denied* 7 NY3d 742; *People v Peck*, 31 AD3d 1216, 1216, *lv denied* 9 NY3d 992). In any event, those challenges have no merit.

In light of our determination, we do not address defendant's

remaining contentions.

Entered:  July 6, 2012                   Frances E. Cafarell
                                         Clerk of the Court