# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**322**

**KA 14-02016**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JASON SLISHEVSKY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 21, 2014.  The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), defendant contends that his waiver of the right to appeal is not valid.  We reject that contention and conclude that County Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Marshall*, 144 AD3d 1544, 1545 [internal quotation marks omitted]; *see People v Korber*, 89 AD3d 1543, 1543, *lv denied* 19 NY3d 864).  "[A] trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (*People v Lopez*, 6 NY3d 248, 256), and "[t]he plea allocution as a whole establishes that defendant's waiver of the right to appeal was knowing, intelligent, and voluntary" (*People v Brown*, 281 AD2d 962, 962, *lv denied* 96 NY2d 899).  Here, we conclude that the court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Graham*, 77 AD3d 1439, 1439, *lv denied* 15 NY3d 920, quoting *Lopez*, 6 NY3d at 256).  The valid waiver of the right to appeal forecloses our review of defendant's contention that the sentence is unduly harsh and severe (*see generally Lopez*, 6 NY3d at 255-256; *People v Hidalgo*, 91 NY2d 733, 737), as well as his constitutional challenges, which in any

event we have already determined to be without merit (*see People v Slishevsky*, 97 AD3d 1148, 1151, *lv denied* 20 NY3d 1015).

Entered:  April 28, 2017                    Frances E. Cafarell
                                           Clerk of the Court