People v O'Neill (2019 NY Slip Op 01038)





People v O'Neill


2019 NY Slip Op 01038


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1358 KA 17-00692

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALPHONSE O'NEILL, DEFENDANT-APPELLANT. 






KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered March 29, 2017. The judgment convicted defendant, upon a nonjury verdict, of attempted criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of attempted criminal sexual act in the third degree (Penal Law §§ 110.00, 130.40 [3]). Defendant waived his challenge to the legal sufficiency of the evidence by consenting to the submission of attempted criminal sexual act in the third degree as a lesser included offense of attempted criminal sexual act in the first degree (see CPL 300.50 [1], [6]; see also People v Daniels, 75 AD3d 1169, 1170 [4th Dept 2010], lv denied 15 NY3d 892 [2010]; People v McDuffie, 46 AD3d 1385, 1386 [4th Dept 2007], lv denied 10 NY3d 867 [2008]). "Defendant ought not be allowed to take the benefit of the favorable charge and complain about it on appeal" (McDuffie, 46 AD3d at 1386 [internal quotation marks omitted]). Nonetheless, " we necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Danielson, 9 NY3d 342, 349 [2007]).
Viewing the evidence in light of the elements of the crime in this nonjury trial (see Danielson, 9 NY3d at 349), we conclude that, although an acquittal would not have been unreasonable, it cannot be said that County Court failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). " In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference' " (People v McCoy, 100 AD3d 1422, 1422 [4th Dept 2012]). Here, while there were some inconsistencies in the victim's testimony, we conclude that "[t]he victim's testimony was not so inconsistent or unbelievable as to render it incredible as a matter of law' " (People v Lewis, 129 AD3d 1546, 1548 [4th Dept 2015], lv denied 26 NY3d 969 [2015]; see People v Simonetta, 94 AD3d 1242, 1244 [3d Dept 2012], lv denied 19 NY3d 1029 [2012]), and that there is no basis for disturbing the court's credibility determinations in this case. Although the court acquitted defendant of the charges in the indictment involving the element of forcible compulsion and the other charges submitted as lesser included offenses involving anal sexual conduct and sexual intercourse, thereby reflecting the court's uncertainty concerning much of the victim's testimony with respect to defendant's conduct and the nature of the encounter, the court was entitled to credit parts of the victim's testimony while rejecting other parts (see People v Toft, 156 AD3d 1234, 1235 [3d Dept 2017]; People v Jemes, 132 AD3d 1361, 1362 [4th Dept 2015], lv denied 26 NY3d 1110 [2016]; Simonetta, 94 AD3d at 1244; People v Kalen, 68 AD3d 1666, 1667 [4th Dept 2009], lv denied 14 NY3d 842 [2010]). Based on the weight of the credible evidence adduced at trial, including the victim's testimony that defendant kept asking her to perform oral sex on him, that [*2]she kept saying "no" and begging him to stop but defendant would not listen to her, and that defendant's penis touched her jaw, we conclude that the court was justified in finding beyond a reasonable doubt that, during some form of sexual encounter between defendant and the victim, defendant attempted to engage in oral sexual conduct with the victim without her consent (see Penal Law §§ 110.00, 130.40 [3]; see generally People v Newton, 8 NY3d 460, 463-464 [2007]; People v Evans, 79 AD3d 454, 454 [1st Dept 2010], lv denied 17 NY3d 795 [2011]). We reject defendant's speculative contention that the court considered an inculpatory statement made by him to a detective that had been suppressed prior to trial inasmuch as, "[i]n this nonjury case, the court is presumed to have considered only competent evidence in reaching the verdict . . . , and there is no basis in this record to conclude that the court did otherwise" (People v Clinkscales, 277 AD2d 930, 931 [4th Dept 2000], lv denied 96 NY2d 733 [2001]; cf. People v Memon, 145 AD3d 1492, 1493 [4th Dept 2016]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court