People v Sharpe (2019 NY Slip Op 07202)





People v Sharpe


2019 NY Slip Op 07202


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


954 KA 17-00745

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMAR G. SHARPE, DEFENDANT-APPELLANT. 






EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Douglas A. Randall, A.J.), rendered January 22, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [4]) and robbery in the first degree (§ 160.15 [4]). Contrary to defendant's contention, the record establishes that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Joubert, 158 AD3d 1314, 1315 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]; People v Slishevsky, 149 AD3d 1488, 1488-1489 [4th Dept 2017], lv denied 29 NY3d 1086 [2017]), that he understood that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see Bryant, 28 NY3d at 1096; Joubert, 158 AD3d at 1315; Slishevsky, 149 AD3d at 1489), and that his waiver of the right to appeal was a condition of the bargained-for plea deal, not a consequence thereof (see Slishevsky, 149 AD3d at 1489). We note that defendant's oral waiver of the right to appeal was supplemented by a valid written waiver executed by defendant, which Supreme Court adequately discussed at the plea colloquy by "inquir[ing] of defendant whether he understood the written waiver," and ensuring that "he had . . . read the waiver before signing it" (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]).
We further conclude that the valid waiver of the right to appeal encompasses defendant's remaining contention (see generally People v
Lopez, 6 NY3d 248, 255-256 [2006]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court