■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE McMILLAN, Also Known as GEORGE McNEAL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 7, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's trial counsel elicited testimony from a police witness which tended to establish that defendant, at the time of

his arrest, was a participant in a separate uncharged crime. The prosecutor had avoided this area on direct examination and this incriminating testimony would therefore not have been adduced but for defense counsel's questioning during cross-examination. Under these circumstances, there was no error committed.

Defendant also argues that he was deprived of his right to effective assistance of counsel, citing mainly the trial tactic referred to above. Regardless of the merits of trial counsel's decision to bring his client's involvement in an uncharged crime to the jury's attention, we find that such trial tactic, whether wise or unwise, did not rise to the level of ineffective assistance of counsel and note that the proof of guilt was overwhelming (*Strickland v Washington,* 466 US 668, 104 S Ct 2052; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Reversal is therefore not warranted on this basis.

Furthermore, defendant was not entitled to a missing witness charge, absent any indication that the subject witness' testimony would have been noncumulative and that such witness was, in either a formal or a practical sense, under the control of the People (*see, People v Almodovar,* 62 NY2d 126). We have reviewed defendant's remaining contentions and find that they are without merit. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.