■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK REDOR, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered December 1, 1986, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the Supreme Court, Queens County (Groh, J.), dated December 16, 1988, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of trial counsel.

Ordered that the judgment and order are affirmed.

The defendant assails the jury's verdict finding that the People had disproved the agency defense beyond a reasonable doubt *(see,* Penal Law § 25.00 [1]) as against the weight of the credible evidence. Whether a defendant acted as an agent of the buyer or as a seller in a drug transaction is "a factual question for the jury to resolve on the circumstances of the particular case" *(People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935). The evidence adduced at trial establishes that the defendant exhibited salesman-like behavior in initiating the transaction between himself and the undercover officer, a stranger to him, and in volunteering to satisfy the officer's "need" for cocaine. He also revealed his familiarity with the drug trade when, in handing the vial of cocaine to the officer, he cautioned the officer to be discreet because of the police presence in the vicinity. The foregoing establishes that the defendant acted as the seller, or, at the very least, as a middleman for the seller. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

We further conclude that the Supreme Court properly denied the defendant's motion to vacate the judgment of conviction premised on ineffective assistance of trial counsel *(see,* CPL 440.10). After securing a *Sandoval* ruling permitting the prosecutor to question the defendant solely as to the fact of his prior felony conviction, defense counsel, in his opening statement, informed the jury that in the course of testifying in

support of the agency defense, his client would reveal that "he has been convicted of a crime". Ultimately, however, the defendant did not take the stand. Therefore, defense counsel pursued the agency defense through his extensive cross-examination of the People's witnesses and in his closing statement.

Contrary to the defendant's contention, this case is unlike *People v Ofunniyin* (114 AD2d 1045), where this court found that defense counsel's inexplicable elicitation from his client of a prior conviction after achieving its exclusion constituted ineffective assistance of counsel under the circumstances since it could not be construed as a tactical decision *(see also, People v Barret*, 145 AD2d 842; *People v Lee*, 129 AD2d 587). At bar, what transpired at trial and the testimony elicited at the hearing on the CPL 440.10 motion, support the Supreme Court's findings that defense counsel's remarks were consonant with a well-considered trial strategy which anticipated that the defendant would testify in support of the agency defense; that defense counsel mentioned the prior conviction in an effort to minimize its prejudicial impact on the defendant; and that during the course of the trial the defendant deviated from his prior intention to testify, against the advice of counsel. Hence, we cannot say that the defendant was not afforded the effective assistance of counsel *(see, People v Satterfield*, 66 NY2d 796; *People v Diaz*, 131 AD2d 775; *People v McMillan*, 111 AD2d 934).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, does not warrant reversal. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.