■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [600 NYS2d 753] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered March 14, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

In reviewing a claim of ineffective assistance of trial counsel, it must be determined whether the defendant was afforded meaningful representation at the time and under the circumstances of the representation *(see, People v Baldi,* 54 NY2d 137; *People v Winters,* 194 AD2d 703). A defense counsel's "mere losing tactics" are not to be equated with ineffective assistance of counsel *(People v Baldi, supra,* at 146). Furthermore, as long as a defendant is afforded meaningful representation, the courts may not, aided by the wisdom of hindsight, second-guess matters of defense counsel's trial strategy *(see, People v Satterfield,* 66 NY2d 796). We find that the decision by defense counsel to elicit testimony that prior to the instant arrest, the defendant had used, but not sold, cocaine constituted a legitimate trial strategy *(see, People v Redor,* 161 AD2d 736). It is apparent from defense counsel's opening statement that he was attempting to create the impression that the defendant, while an occasional drug user, was not possessing drugs with the intent to sell and that the police had arrested an innocent man. Under the totality of the circumstances, it cannot be said that the defendant was denied his constitutional right to meaningful representation by counsel *(see, People v Satterfield, supra; People v Baldi, supra)*. Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.