■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL HENDRICKS, Appellant. [663 NYS2d 192] —Order, Supreme Court, Bronx County (Denis Boyle, J.), entered on or about March 27, 1996, which denied, after a hearing, defendant's motion to vacate the judgment of the same court (Elbert Hinkson, J.), rendered April 23, 1990, convicting defendant, after a jury trial, and as subsequently modified by this Court (223 AD2d 409), of criminal sale of a controlled substance in the third degree and criminal sale of marihuana in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 5 to 10 years and 1 year, respectively, unanimously affirmed.

The hearing court properly denied defendant's motion to vacate the judgment made on the ground of ineffective assistance of counsel. According due deference to the hearing court's determinations of fact and credibility, we find that trial counsel's opening statement was based on his anticipation that defendant would testify and counsel's comments regarding defendant's prior "conflict with the law" constituted a reasonable effort to minimize the possible prejudicial impact of such evidence (*People v Redor*, 161 AD2d 736, *lv denied* 76 NY2d 863). In these circumstances, trial counsel's comments in summation regarding defendant's failure to testify constituted sound trial tactics (*see, People v Abbott*, 178 AD2d 281, *lv denied* 79 NY2d 918). A review of the record as a whole demonstrates that defendant received effective assistance of counsel at trial (*People v Baldi*, 54 NY2d 137). Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Colabella, JJ.