(November 20, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BRICKLE, Appellant. [664 NYS2d 652] —Casey, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 6, 1994, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On September 21, 1993, between 7:30 P.M. and 8:00 P.M., Police Officer Gary Gordon was assigned, as part of a 12-member team, to conduct surveillance of drug activity in the City of Troy, Rensselaer County. While positioned in the window area of the second floor of an abandoned building at 2265 Fifth Avenue, Gordon overheard defendant, who was standing about four feet away on the stoop below, state to another person known as Ricky, "I only have seven pieces to sell. I am going to stop calling this crack. I am going to start calling it medicine and I am the doctor." Shortly thereafter, a dark-colored car pulled up across the street and defendant ran to meet it, while commenting to Ricky, "I need to sell my shit." Moving to the third floor so that he could hear better and while using binoculars, Gordon observed defendant talking to one of the passengers, later identified as Jason Reed, who had gotten out of the car and was standing in the street near the driver's side of the vehicle. Defendant handed Reed a piece of white rock-like substance and, in turn, Reed gave defendant an unknown amount of money. This same activity was also witnessed by Police Officer Mark Mason, who was also stationed in the abandoned building with Gordon.

During the transaction, Mason and Gordon radioed their observations, including descriptions of the buyer, seller and the vehicle, to the other police officers who were waiting in their cars. Within a few blocks, Police Officer Timothy Colaneri stopped the car finding Reed, who met the description given by Gordon and Mason of the buyer. On the floor in the front passenger side of the car was a substance later identified as

cocaine. Although defendant and Ricky left the scene on a bicycle, eluding police, defendant returned to the scene about 20 minutes later. While still positioned in the building, Gordon radioed to the other officers that defendant had returned and he was thereafter arrested. Defendant was convicted after a jury trial of criminal sale of a controlled substance in the third degree and sentenced as a second felony offender to a term of imprisonment of 12½ to 25 years.

Defendant contends on appeal that there was insufficient evidence to conclude that he was the person who committed the offense. As noted, both Gordon and Mason observed defendant for over 30 minutes on the stoop directly below them. In addition, the actual transaction, while 25 to 30 yards away, occurred under the light of a street lamp, and the officers' view was at times enhanced by the use of binoculars. Viewing the evidence in the light most favorable to the People (*see*, *People v Harper*, 75 NY2d 313, 316-317), we find that defendant's identity, as well as the other elements of the crime, were established beyond a reasonable doubt (*see*, *People v Bleakley*, 69 NY2d 490, 495; *People v Peterson*, 194 AD2d 124, 129, *lv denied* 83 NY2d 856). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, CPL 470.15 [5]; *People v Bleakley*, *supra*, at 495).

Defendant also finds error with County Court's ruling not to exclude the statements he made to Ricky, claiming that they were evidence of prior uncharged drug sales. First, contrary to defendant's contention, his statements do not indicate or relate to any prior uncharged crimes. Rather, the statements were part of the crime itself as the words were spoken immediately before the one and only sale with which defendant was charged. Furthermore, defendant's remarks were relevant to the issues of motive, identity and/or intent and were inextricably interwoven with the remainder of his words and actions, and, as such, were admissible (*see*, *People v Alvino*, 71 NY2d 233, 242; *People v Crandall*, 67 NY2d 111, 116-117; *People v Shuler*, 238 AD2d 528, *lv denied* 90 NY2d 910; *People v Nelson*, 144 AD2d 714, 715, *lv denied* 73 NY2d 894).

We also reject defendant's contention that County Court committed reversible error by failing to conduct a *Wade* hearing. As no police-arranged identification procedure was conducted here, there was no need for such hearing (*see*, *People v Dixon*, 85 NY2d 218, 222; *People v Mato*, 83 NY2d 406, 415; *People v Ayala*, 142 AD2d 147, 158, *affd* 75 NY2d 422). Having so concluded, defendant's contention that his trial counsel was

ineffective for failure to object to the court's ruling in this regard is meritless. We also find, contrary to defendant's contention, that County Court's charge was neither confusing nor unclear, and, taken as a whole, appropriately conveyed to the jury the concepts of burden of proof, reasonable doubt and moral certainty (*see, People v Dunn*, 204 AD2d 919, 921, *lv denied* 84 NY2d 907). Furthermore, no legal error was presented with respect to the general, rather than expanded, charge given on identification (*see, People v Whalen*, 59 NY2d 273, 278-279). As a result, we again conclude that trial counsel's failure to take exception to these aspects of the jury charge does not warrant a finding of ineffective representation.

Finally, no basis for reversal is found in defendant's contention that he was deprived of meaningful representation because his trial counsel elicited testimony from Mason on cross-examination which he had, prior to trial, successfully excluded from evidence. Counsel's conduct, when viewed in the totality of the circumstances (*see, People v Ellis*, 81 NY2d 854, 856), was, at most, an error in judgment or a failed trial tactic and, as such, does not constitute ineffective assistance (*see, People v De Mauro*, 48 NY2d 892, 893-894; *People v Rodriguez*, 196 AD2d 514, *lv denied* 82 NY2d 807; *People v Lane*, 93 AD2d 92, 95, *lv denied* 59 NY2d 974). Counsel effectively cross-examined the People's other witnesses, continually attempting to raise doubt as to the seller's identity, made numerous objections to the People's trial tactics and made an effective summation.

We have examined defendant's remaining contentions and find them either unpreserved for our review or lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.