■ The People of the State of New York, Respondent, v Luis Gonzalez, Appellant. [801 NYS2d 757]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 3, 2002, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. Viewing the totality of the evidence, the law, and the circumstances of the case, we conclude that the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Torres*, 13 AD3d 562 [2004]; *People v Larkins*, 10 AD3d 694 [2004]). Unsuccessful trial strategies and tactics do not constitute ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Smith*, 12 AD3d 707 [2004]; *People v Mack*, 235 AD2d 548, 550 [1997]). A defendant cannot establish ineffectiveness merely by showing that his attorney employed "questionable or debatable trial strategies" (*People v Sullivan*, 153 AD2d 223, 227 [1990]; *see People v Hyatt*, 2 AD3d 749, 750 [2003]; *People v Toellner*, 299 AD2d 567, 568 [2002]; *People v Mercedes*, 182 AD2d 778, 779 [1992]). The defense counsel prepared a trial strategy, pursued that strategy during cross-examination of the People's witnesses, made cogent arguments in his summation, and emphasized his contention that the defendant was the victim of misidentification.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The remaining contentions raised in the defendant's supplemental pro se brief are without merit. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.