██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WINDLEY, Appellant. [896 NYS2d 376]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heffernan, J.), rendered March 21, 2007, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, reversal of the judgment of conviction is not warranted by the Supreme Court's alleged error in issuing certain jury instructions in response to defense counsel's summation, since the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Rush*, 44 AD3d 799, 800 [2007]; *People v Duggins*, 1 AD3d 450, 451 [2003], *affd* 3 NY3d 522 [2004]).

New York applies a "flexible standard" to evaluating claims of ineffective assistance of counsel (*People v Benevento*, 91 NY2d 708, 712 [1998]) so that where "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided

meaningful representation," counsel's performance will not be found ineffective (*People v Baldi*, 54 NY2d 137, 147 [1981]). "Isolated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is so serious that defendant did not receive a fair trial" (*People v Henry*, 95 NY2d 563, 565-566 [2000] [internal quotation marks omitted]; *see People v Flores*, 84 NY2d 184, 188-189 [1994], *habeas corpus denied sub nom. Flores v Demskie*, 11 F Supp 2d 299 [1998], *revd* 215 F3d 293 [2000], *cert denied sub nom. Keane v Flores*, 531 US 1029 [2000]). Moreover, a defendant raising an ineffectiveness of counsel claim must " 'demonstrate the absence of strategic or other legitimate explanations for counsel's [supposed] failure[s]' " (*People v Taylor*, 1 NY3d 174, 177 [2003], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]).

Here, although the defendant identifies isolated flaws in trial counsel's performance, he has identified no defects so serious as to demonstrate that he did not receive a fair trial (*see generally People v Hines*, 46 AD3d 912, 913 [2007]; *People v Reilly*, 128 AD2d 649, 650 [1987]; *People v McMillan*, 111 AD2d 934, 935 [1985]). Likewise, a defendant cannot establish ineffectiveness merely by showing that his attorney employed "questionable or debatable trial strategies" (*People v Sullivan*, 153 AD2d 223, 227 [1990]) and, in any event, the defendant has failed to demonstrate that counsel did not have legitimate tactical reasons for the tactics he employed (*see People v Baldi*, 54 NY2d at 151; *Pareja v City of New York*, 49 AD3d 470 [2008]; *People v Gonzalez*, 22 AD3d 597, 598 [2005]; *People v Sullivan*, 153 AD2d at 228). Moreover, when considered as a whole, trial counsel's performance was effective (*see People v Gonzalez*, 22 AD3d at 598).

The defendant's remaining contention is unpreserved for appellate review (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Hickman*, 60 AD3d 865, 866 [2009]; CPL 470.05 [2]) and, in any event, is without merit (*see People v Wise*, 46 NY2d 321, 326 [1978]; *People v Fiedorczyk*, 159 AD2d 585, 586 [1990]; *see generally People v Lane*, 7 NY3d at 889-890; *People v Aska*, 91 NY2d 979, 981 [1998]). Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.