◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RICHARDSON, Appellant. [943 NYS2d 599]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered September 3, 2008, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The People alleged that the defendant was one of four perpetrators who participated in an attempted robbery that led to the death of the victim. Upon a jury verdict, the defendant

was convicted of murder in the second degree and attempted robbery in the first degree.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

Nonetheless, the judgment of conviction must be reversed and a new trial ordered. The Supreme Court erred in allowing the People to admit into evidence an out-of-court statement made by one of the other perpetrators of the crime to a defense witness that a third party known as "G" did not participate in the attempted robbery. The statement was made for the purpose of countering the defendant's theory of the case and trial evidence that it was "G" who participated in the attempted robbery instead of the defendant. Contrary to the People's contention, the defendant did not open the door to the admission of the hearsay statement by eliciting testimony from the defense witness that it was "G" and not the defendant who was with the other perpetrators immediately before the crime took place. A trial court should decide issues involving "opening the door" by considering whether, and to what extent, the evidence or argument said to open the door is incomplete and misleading, and what, if any, otherwise inadmissible evidence is reasonably necessary to correct the misleading impression (*see People v Massie*, 2 NY3d 179, 184 [2004]). Here, the testimony of the defense witness was neither incomplete nor misleading (*id.*). Because the proof of the defendant's guilt was less than overwhelming, the error was not harmless (*see People v Crimmins*, 36 NY2d 230, 241 [1975]).

In light of our determination, we need not address the defendant's remaining contentions, including those raised by the defendant in his pro se supplemental brief. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.