THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK FORD, Appellant. [973 NYS2d 859]—

Lahtinen, J.P. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 12, 2012, upon a verdict convicting defendant of the crime of burglary in the second degree.

The victim heard and did not respond to knocking on the front door of his apartment on an afternoon in March 2011. Less than a minute later, he heard louder knocking at the back door. He looked out and saw a man walk away from the back door, pick up a rock in the yard and return toward the apart-

ment. Upon hearing "a very loud bang," the victim called 911, giving a description of the individual as a black male, about 5 feet 10 inches tall, wearing a tan hoodie with a black and white backpack. Immediately thereafter, the victim heard breaking glass and observed the individual on the back stairway of the apartment. He again called 911 and the individual then exited the building.

As police responded in two vehicles, one officer spotted and stopped defendant, who was riding a bicycle near the victim's apartment and matched the description given by the victim. Within about 10 to 15 minutes, the other officer brought the victim to the nearby street where defendant was being detained and the victim identified defendant as the individual. Defendant was indicted for burglary in the second degree. His suppression motion was denied following a hearing. A jury convicted defendant of the charged crime and County Court sentenced him to 10 years in prison with five years of postrelease supervision. Defendant appeals.

Defendant contends that the People's identification proof, based upon the testimony of one witness, failed to establish by legally sufficient evidence and the weight of the evidence that he was the person who committed the crime. The identification testimony of a single witness can be legally sufficient (see People v Armstrong, 11 AD3d 721, 723 [2004], lv denied 4 NY3d 760 [2005]). However, if that witness "gives irreconcilable testimony pointing both to guilt and innocence" leaving the jury with no basis other than speculation to support a verdict, then the conviction cannot stand (People v Hampton, 21 NY3d 277, 288 [2013] [internal quotation marks and citations omitted]; see People v Calabria, 3 NY3d 80, 82 [2004]; People v Jackson, 65 NY2d 265, 272 [1985]). Viewed in the light most favorable to the People (see People v Ramos, 19 NY3d 133, 136 [2012]), the identification was legally sufficient. The victim testified about seeing defendant at a fairly close range at the scene and he reported to police numerous characteristics including, among other things, his race and gender, that he was wearing a tan outer garment and white hat, and that he was carrying a black and white checkered backpack. Moreover, the victim identified defendant as the individual at the showup conducted about 10 to 15 minutes after seeing him at his apartment.

Turning to defendant's weight of the evidence argument, since a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony"

(*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]). The victim acknowledged on cross-examination that he probably could not have recognized the individual's face alone, but relied upon a combination of characteristics, including his face, race, size, type of clothing and color of clothing. During the 911 call the victim incorrectly estimated the individual's height at 5 feet 10 inches, whereas defendant was about 5 feet 3 or 4 inches, and the victim stated in the 911 call that the individual was wearing a tan hoodie, whereas defendant had on a tan jacket over a hooded sweat-shirt. The victim explained his incorrect height estimate as arising from the fact that his observations of defendant occurred when defendant was at a different surface level making it difficult to gauge height. Referring to defendant's jacket/hoodie combination as simply a hoodie during the stress of a 911 call made during a burglary in progress is not particularly surprising or important. The victim's testimony—while containing some inconsistencies that were explored during cross-examination—was not so contradictory or irreconcilable as to render it incredible. The jury weighed and accepted the victim's testimony and, upon exercising our independent review and weighing the proof in the record, we are unpersuaded by defendant's contention that the verdict was against the weight of the evidence.

Defendant asserts that he did not receive the effective assistance of counsel. "To prevail on his claim that he was denied effective assistance of counsel, defendant must demonstrate that his attorney failed to provide meaningful representation. A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152 [2005] [citations omitted]). Defendant relies primarily upon the fact that his counsel did not question the victim about his preliminary hearing testimony—where the victim indicated that he did not see the backpack at the showup—when, at trial, he stated that he observed a black and white backpack during the showup. Counsel effectively cross-examined the victim regarding several potential problems with his identification of defendant and, moreover, the record reveals that counsel otherwise made appropriate motions, raised relevant objections, conducted meaningful cross-examinations of witnesses, pointed out inconsistencies and weaknesses in the People's proof, and presented a cogent defense. Counsel's failure to question the victim about the backpack inconsistency was not so egregious and prejudicial as to constitute one of the rare cases where a single error results in ineffectiveness (*see People v Turner*, 5 NY3d 476, 480 [2005]), and the record reveals that defendant

received meaningful representation (*see e.g. People v Prue*, 26 AD3d 671, 671-672 [2006], *lv denied* 7 NY3d 816 [2006]; *People v Gunney*, 13 AD3d 980, 983 [2004], *lv denied* 5 NY3d 789 [2005]; *People v Brickle*, 244 AD2d 700, 702 [1997], *lv denied* 91 NY2d 889 [1998]).

County Court did not err in denying defendant's motion to suppress identification evidence as the product of an illegal stop and seizure. "[B]efore a police officer may stop . . . a person in a public place, he [or she] must have 'reasonable suspicion' that such person is committing, has committed or is about to commit a crime" (*People v Brannon*, 16 NY3d 596, 601 [2011]; *see People v Nesbitt*, 56 AD3d 816, 818 [2008], *lv denied* 11 NY3d 928 [2009]). "To justify such an intrusion, the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion" (*People v Cantor*, 36 NY2d 106, 113 [1975]; *see People v Hicks*, 68 NY2d 234, 238 [1986]). The officer who stopped defendant was responding to the burglary in progress call and had reportedly received a description of a black male wearing a tan jacket or hoodie with a white cap. The officer observed defendant, who matched the description, on a bicycle within about four blocks of the burglary approximately 10 minutes after it had been reported. The close geographical and temporal proximity, together with several matching identifying features, provided reasonable suspicion for stopping and briefly detaining defendant (*see People v Robinson*, 101 AD3d 1245, 1245-1246 [2012], *lv denied* 20 NY3d 1103 [2013]; *People v Nesbitt*, 56 AD3d at 818).

Defendant's argument that County Court abused its discretion in not imposing a sanction on the People for failing to preserve defendant's clothing and backpack is without merit in that there was no significant prejudice since such property had been returned to defendant himself shortly after his arrest (*cf. People v Doshi*, 93 NY2d 499, 506 [1999]; *People v Smith*, 242 AD2d 487, 487 [1997], *lv denied* 91 NY2d 897 [1998]).

Stein, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.