People v DeFelice (2020 NY Slip Op 00874)





People v DeFelice


2020 NY Slip Op 00874


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2013-10722
 (Ind. No. 2597/10)

[*1]The People of the State of New York, respondent,
v
Joseph DeFelice, appellant.


Carol E. Castillo, East Setauket, NY (Judah Serfaty of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered November 14, 2013, convicting him of murder in the second degree, criminal facilitation in the second degree, and hindering prosecution in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements made to law enforcement officials. By decision and order dated August 15, 2018, this Court remitted the matter to the County Court, Suffolk County, for a hearing to reconstruct the record as to what, if any, material was provided to the trial court for in camera review, and thereafter a report to this Court, and the appeal was held in abeyance in the interim. A report has now been filed by the County Court, Suffolk County (William J. Condon, J.). Justice Wooten has been substituted for former Justice Sgroi (see 22 NYCRR 1250.1[b]).
ORDERED that the judgment is affirmed.
The defendant and the codefendant David Newbeck were charged, among other things, with acting in concert to commit murder in the second degree in connection with the death of the defendant's girlfriend. The defendant was also charged with criminal facilitation in the second degree and hindering prosecution in the first degree. At the conclusion of the defendant's trial, the jury found the defendant guilty on all counts, and the County Court imposed a sentence.
We agree with the County Court's determination denying that branch of the defendant's omnibus motion which was to suppress his statements made to law enforcement officials. The evidence at the suppression hearing supported the court's conclusion that the statements the defendant made prior to the administration of Miranda warnings were not the product of a custodial interrogation (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d 585; People v Jemmott, 125 AD3d 1005, 1006; People v Martin, 68 AD3d 1015). The statements were made during an interview at the defendant's home after he called the 911 emergency number and reported that the codefendant had shot and abducted the defendant's girlfriend, and also at the police station, after the defendant voluntarily accompanied the officers to assist the police in locating his girlfriend. Under those circumstances, a reasonable person, innocent of any crime, would not have believed that he was in custody (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d 585; [*2]People v Jemmott, 125 AD3d at 1006; People v Martin, 68 AD3d 1015). The evidence at the suppression hearing concerning the nature and duration of the interrogation that occurred after the defendant was advised of, and voluntarily waived, his Miranda rights, supported the court's further conclusion that the defendant's post-Miranda statements were voluntarily given (see People v Jin Cheng Lin, 26 NY3d 701, 725; People v Glasper, 160 AD2d 723, 724).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Cahill, 2 NY3d 14, 57; People v Bleakley, 69 NY2d 490, 495). Moreover, upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495).
The County Court improvidently exercised its discretion in declining to redact portions of the defendant's written statement which pertained to uncharged drug crimes. The court allowed the jury to consider the challenged portions of the statement on the ground that they served to complete the narrative of events and explain the nature of the relationship between the defendant and codefendant. "In appropriate instances, evidence of uncharged crimes may be allowable as background or narrative because juries might wander helpless trying to sort out ambiguous but material facts" (People v Resek, 3 NY3d 385, 390 [internal quotation marks omitted]). Here, the portions of the statement relating to drug sales and possession were not necessary to assist the jury in sorting out ambiguous but material facts. The uncharged conduct was not material to the incident at issue and the narrative of events was not incomplete absent reference to that conduct (see id. at 390; People v Maier, 77 AD3d 681, 682; People v Wilkinson, 71 AD3d 249, 254-255). Additionally, the challenged portions of the statement were not necessary to explain the nature of the relationship between the defendant and the codefendant, as the facts about that relationship which were relevant to the crimes charged were otherwise set forth in the defendant's written statement. Accordingly, the evidence regarding the uncharged drug crimes should not have been admitted (see People v Mack, 91 AD3d 794, 796; People v Maier, 77 AD3d at 682; People v Wilkinson, 71 AD3d at 254-255). Nevertheless, the error was harmless, as the proof of the defendant's guilt was overwhelming and there is no significant probability that the jury would have acquitted the defendant had the uncharged crimes evidence not been admitted (see People v Crimmins, 36 NY2d 230, 241-242).
In general, defendants have the right to disclosure pursuant to People v Rosario (9 NY2d 286, 290-291) and Brady v Maryland (373 US 83), as well as the CPL (see CPL former art 240; CPL art 245). "To establish a Brady violation warranting a new trial, [the] defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material'" (People v Ulett, 33 NY3d 512, 515, quoting People v Hayes, 17 NY3d 46, 50; see People v Giuca, 33 NY3d 462, 473). In our prior decision and order in this matter, we directed the County Court, Suffolk County, to hold a reconstruction hearing to determine what, if any, material was provided to the trial court for in camera review in response to the defendant's mid-trial claim that he was entitled to the disclosure of additional Brady material (see People v DeFelice, 164 AD3d 697, 697-698). The County Court held a hearing in response to this Court's order, at which the County Court Judge who presided at the trial, and who has since retired, testified. The County Court has now filed a report in which it identifies the materials submitted for in camera review. We have reviewed that evidence, and we agree with the trial court that it did not contain Brady material.
The defendant was not deprived of the effective assistance of counsel. The defendant failed to show that the challenged tactics employed by trial counsel lacked a legitimate strategic basis (see People v Barboni, 21 NY3d 393, 405-407; People v Windley, 70 AD3d 1060, 1061; People v Gonzalez, 22 AD3d 597, 598), and, viewing the record as a whole, the defendant received meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137, 147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., BALKIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court