People v Smith (2023 NY Slip Op 01106)

People v Smith

2023 NY Slip Op 01106

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2017-11053
 (Ind. No. 439/15)

[*1]The People of the State of New York, respondent,
v
Kevin Smith, appellant.

Patricia Pazner, New York, NY (Kathleen Whooley of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered September 14, 2017, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The Supreme Court erred in allowing the People to elicit testimony from a witness that the defendant committed an armed bank robbery one month after the murder in question. Contrary to the People's contention, this evidence was not admissible as "necessary background information explaining the nature of the relationship" between the defendant and the witness (see generally People v Dorm, 12 NY3d 16, 19). That exception to the Molineux rule (see People v Molineux, 168 NY 264) "is generally applicable where there is some need to explain the victim's conduct or actions in relation to defendant by illuminating the nature of their relationship, or some need to flesh out the narrative so that there are no gaps in the story line provided to the jury, or where the relationship itself provides a motive for the defendant's criminal conduct" (People v Leonard, 29 NY3d 1, 7 [citations omitted]). Here, the evidence of the bank robbery did not fill a gap in the story or illuminate the defendant's motive, nor was it necessary to explain the nature of the relationship between the defendant and the witness since the nature of the relationship had already been explained by the witness in detail (see id. at 8; People v DeFelice, 180 AD3d 700, 702).
Further, contrary to the People's contention, the Supreme Court should not have admitted the testimony regarding the bank robbery as evidence of the defendant's consciousness of guilt. "Evidence of flight is admissible as circumstantial evidence of consciousness of guilt" (People v Lendore, 36 AD3d 940, 940). However, here, the testimony, which contained allegations that the defendant robbed a bank in order to fund his evasion of authorities, was unnecessary given that the People had already established that the defendant fled to Florida and Texas after the murder (see People v Ventimiglia, 52 NY2d 350, 360; People v Palencia, 130 AD3d 1072, 1076; People v Linton, 166 AD2d 670, 671). Given the cumulative nature and limited probative value of the testimony, as assessed against the highly prejudicial allegations contained therein, the court erred in [*2]allowing the testimony.
The Supreme Court also erred in its determination that the defendant "opened the door" on cross-examination to allow the People to elicit testimony that the defendant previously threatened to kill another witness. "The extent of redirect examination is, for the most part, governed by the sound discretion of the trial court" (People v Melendez, 55 NY2d 445, 451). "The 'opening the door' theory must necessarily be approached on a case-by-case basis" (id. at 452). "[A] trial court should decide 'door-opening' issues in its discretion, by considering whether, and to what extent, the evidence or argument said to open the door is incomplete and misleading, and what if any otherwise inadmissible evidence is reasonably necessary to correct the misleading impression" (People v Massie, 2 NY3d 179, 184). Here, on cross-examination, defense counsel mostly questioned the witness about the previous lies that the witness told authorities related to certain observations that he made on the night of the murder, which the People had already elicited on direct examination. This did not create a "misleading impression" that required corrective testimony (People v Massie, 2 NY3d at 184; see People v Richardson, 95 AD3d 1039, 1040), and the People were not permitted to "'open the door' and then step through it" (People v Jones, 278 AD2d 246, 247 [internal quotation marks omitted]; see People v Watts, 176 AD3d 981, 984). Moreover, the witness had already explained that he was hesitant to cooperate with authorities because the defendant was a "dangerous individual," rendering the further testimony about the defendant's threat unnecessary.
The errors of the Supreme Court had the "cumulative effect of depriving the defendant of his due process right to a fair trial" (People v Mattocks, 100 AD3d 930, 931). Because the defendant was deprived of his right to a fair trial, the errors cannot be deemed harmless (see People v Watts, 176 AD3d at 985).
The defendant's remaining contention is without merit.
Accordingly, we reverse the judgment and order a new trial.
As the Supreme Court Justice presiding over the trial and sentencing is no longer on the bench, the defendant's request for a directive that further proceedings be held before a different Justice is academic.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court